O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EDWARD T. KENNEDY, ) | Case No. EDCV 06-00054-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**I.  Introduction**

Plaintiff Edward T. Kennedy ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for disability insurance benefits and supplemental security income benefits.  In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").  For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is granted, and the Commissioner's request for an order affirming her final

decision is denied.

In the JS, Plaintiff contends that the Administrative Law Judge ("ALJ") erred by: (1) failing to properly consider the opinion of his treating provider; and (2) failing to properly consider his subjective complaints. The Commissioner disagrees.

**II. Discussion**

Plaintiff's argument that the ALJ failed to adequately address the findings of his treating provider is persuasive. (JS at 3-5). On September 23, 2003, Plaintiff was admitted to Inland Valley Regional Medical Center with complaints of chest pain, chest pressure, and epigastric pain. (AR at 167-69). On September 24, 2003, an echocardiogram showed severe cardiomyopathy with an ejection fraction reduced to twenty percent. (AR at 166). Plaintiff was diagnosed with a long-standing history of untreated hypertension with probable hypertensive cardiomyopathy and a clot in the right ventricular apex. (AR at 166). Plaintiff's doctor, Jatin Amin, M.D., recommended that Plaintiff undergo cardiac catheterization, ventilation perfusion scan or a spiral CT for further evaluation to exclude a pulmonary embolism. (AR at 166). On September 27, 2003, a progress record reflects that Plaintiff's severe cardiomyopathy would probably require *lifelong disability secondary to a poor ejection fraction* and that Plaintiff's prognosis was poor. (AR at 170). Plaintiff was discharged from the hospital in "fair" condition on September 30, 2003. (AR at 162).

Plaintiff was hospitalized again in November 2003 and November 2004 for chest pain. (AR at 117-60, 294-371). Plaintiff was diagnosed with chest pain, myocardial infarction, history of cardiomyopathy, arterial hypertension and hyperlipidemia. (AR at 118). A November 2003

echocardiogram showed mild four chamber enlargement and concentric left ventricular hypertrophy, basal septal and basal inferior left ventricular hypokinesia, probable right ventricular clot, and an estimated left ventricular ejection fraction of 50 percent. (AR at 145). In November 2004, Plaintiff was diagnosed with atypical chest pain, cardiomyopathy with poor ejection fraction, heart failure, hypertension, and ventricular clot. (AR at 300, 303).

The ALJ summarized Plaintiff's medical history in the decision, but failed to provide adequate reasons for rejecting the treating provider's September 27, 2003 progress record indicating that Plaintiff's cardiomyopathy and poor ejection fraction were likely result in lifelong disability. (AR at 170); *see Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996)(requiring ALJ to provide specific, legitimate reasons for rejecting treating physician's opinion). Although the ALJ noted that the state agency physician assessed Plaintiff with the ability to perform a limited range of light work (involving standing/walking up to two hours in an eight-hour workday), the opinion of a non-examining physician, by itself, does not constitute substantial evidence to warrant the rejection of an examining or treating physician's opinion. (AR at 17-18, 281); *see Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 602 (9th Cir. 1999). And, contrary to the state agency physician's opinion, the ALJ found that Plaintiff retained the ability to perform the full range of light work.[1] (AR at 17-18, 281). The ALJ also attempted to support his assessment of Plaintiff's

---

[1] Specifically, the ALJ found that Plaintiff had the residual functional capacity to lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently, stand and/or walk frequently with customary breaks, and sit constantly with customary breaks. (AR at 18).

residual functional capacity by asserting that Plaintiff's treating sources did not provide any expressions of disability or functional limitations and there was no evidence that Plaintiff suffered a myocardial infarction or coronary artery occlusive disease. (AR at 17-18). These reasons are belied by the record. Dr. Amin reported in July 2005 that Plaintiff had a history of myocardial infarction and, as noted above, Plaintiff's progress record from September 27, 2003 indicates that Plaintiff's cardiomyopathy would probably require "lifelong disability secondary to poor ejection fraction." (AR at 179, 459). Finally, although the Commissioner cites additional reasons in support of the ALJ's consideration of the medical evidence, a court reviewing the denial of Social Security benefits may examine only the reasons and explanations offered by the ALJ as grounds for the decision. *See, e.g., Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)("We are constrained to review the reasons the ALJ asserts. It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss.")(citations omitted); *see also SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).[2] Accordingly, the ALJ's evaluation of the medical evidence is not supported by substantial evidence.

---

[2] Because the ALJ improperly rejected evidence from Plaintiff's treating provider and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of his case on remand.

### III. Conclusion

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this opinion.

DATED: November 14, 2006

*MARC L. GOLDMAN*
_____
MARC L. GOLDMAN
United States Magistrate Judge